IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| TEKOIL & GAS CORPORATION, | ) | CASE NO. 08-80270-G3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Expedited Motion for Interim and Final Order Providing Adequate Assurance of Utility Payments" (Docket No. 14). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Tekoil & Gas Corporation ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 10, 2008.

In the instant motion, Debtor seeks entry of an order prohibiting utility companies from discontinuing service on account of unpaid prepetition invoices; determining that no deposit is required for adequate assurance of future performance unless a utility requests a cash deposit in writing, does not

already hold a cash deposit, and is not paid in advance for its services; and requires that a utility wishing a departure from the procedure set forth in the instant motion file an objection within 10 days after the date of entry of the order, or be deemed to have consented.

Debtor presented no evidence in support of the instant motion.

## Conclusions of Law

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Section 366 of the Bankruptcy Code provides:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other

security necessary to provide adequate assurance of payment.

(c)(1)(A) For purposes of this subsection, the term "assurance of payment" means--

>   (i) a cash deposit;
>   (ii) a letter of credit;
>   (iii) a certificate of deposit;
>   (iv) a surety bond;
>   (v) a prepayment of utility consumption; or
>   (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

>  (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

>  (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider--

>>   (i) the absence of security before the date of the filing of the petition;

>>   (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or

>> (iii) the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

In In re Viking Offshore (USA) Inc., 2008 WL 782449 (Bankr. S.D. Tex. 2008), this court held that a procedure requiring that a debtor provide adequate assurance only if a utility requested adequate assurance on motion violated Section 366(c)(2) of the Bankruptcy Code.  The court did not reach in Viking Offshore the question of whether, if the debtors had proposed adequate assurance in one of the forms identified in Section 366(c)(1)(A) from the inception of the case, the court could immediately modify the amount necessary to provide adequate assurance as of the inception of the case pursuant to Section 366(c)(3)(A).

The instant case presents the question not reached in Viking Offshore.  However, in the absence of evidence, the court will not grant the relief requested.[1]

Based on the foregoing, a separate Judgment will be entered denying the "Expedited Motion for Interim and Final Order

---

[1] The court notes that, as in Viking Offshore, a debtor may continue to pay a utility, and a utility may continue to provide service, in the absence of an injunction preventing the utility from terminating service.

Providing Adequate Assurance of Utility Payments" (Docket No. 14).

    Signed at Houston, Texas on July 21, 2008.

*[signature: Z. Z. Clark]*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE