

ENTERED
08/01/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                              )
IN RE                         )
                              )
TEKOIL & GAS CORPORATION,     )   CASE NO. 08-80270-G3-11
                              )
        Debtor,               )
                              )
```

MEMORANDUM OPINION

The court has considered the "Debtor's Motion to Assign Contract to Tekoil and Gas Gulf Coast, LLC" (Docket No. 34). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Tekoil & Gas Corporation ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 10, 2008.

In the instant motion, Debtor seeks an order from this court assigning its interest under a purported contract with Texon, L.P. ("Texon") to Tekoil and Gas Gulf Coast, LLC ("Gulf

Coast"), an entity not in bankruptcy whose members are Debtor and J. Aron & Company ("Aron"). Under the purported contract, Texon is to pay Debtor or its designee for oil/condensate production owned or controlled by Debtor. Debtor asserts that the provisions calling for payment to Debtor were a mistake, and that the payments were intended to be directed to Gulf Coast.

The purported contract is not in evidence. Two purported amendments to the purported contract are in evidence. The first of these amendments, dated January 7, 2008, purports to extend the term of the contract to "July 31, 2008 and continuing month to month thereafter."

The instant motion is supported by Aron. The motion is opposed by the Official Committee of Unsecured Creditors, on grounds the motion seeks to remove an asset from the estate for inadequate consideration, and because Debtor seeks to assign a contract that has not been assumed.

Francis Clear testified in support of the motion. Clear testified that he is a member of Debtor's board of directors, Debtor's chief operating officer, and a consultant to Debtor. He testified that Debtor manages Gulf Coast. He testified that he personally makes decisions for Gulf Coast.

Clear testified that Debtor has never had operations in Galveston, Texas. He testified that the assets in Galveston, Texas, including oil and gas wells, were held, and operations

2

were conducted, by Gulf Coast.  He testified that Debtor's debt is attributable to operations conducted by Gulf Coast.  He testified that the largest debt, owed to Aron, is owed directly by Gulf Coast.  He testified that Debtor is a guarantor of the debt to Aron.

Clear testified that the capital structure of Debtor and Gulf Coast was created at the instance of Goldman Sachs.[1]

Clear testified that Gulf Coast has sold oil and gas to Texon since November, 2007.  He testified that Texon paid for oil and gas prepetition by wire transfer to Gulf Coast's bank account.  He testified that Gulf Coast paid operating expenditures, and, if it had sufficient revenue, paid funds to Debtor.

Clear testified that Texon has acknowledged that it owes $460,000 for oil and gas delivered in May, 2008, and has acknowledged that it owes approximately $400,000 for June, 2008.  He testified that Texon held the funds in suspense, and would not transfer the funds "until we clarified the issue with our bankers."  He testified that some royalties and overriding royalties must be paid from the funds held in suspense.

Clear testified that Gulf Coast needs the cash from the Texon sales to operate its business.  He testified that Gulf

---

[1] Aron is an affiliate of Goldman Sachs.  In Clear's testimony, he referred to Aron, Goldman Sachs, and "our bankers" interchangeably.

Coast receives 30-40 percent of its revenues from Texon.

Marty Horge testified that she is an employee of Gulf Coast.  She testified that she executed the amendments to the purported contract on behalf of Gulf Coast.  She testified that she had no authority to act on behalf of Debtor.

Horge testified that she negotiated the contract with Texon.  She testified that Texon drafted the contract, mistakenly identifying Debtor rather than Gulf Coast as a party to the contract, because Horge's business card identified her as an employee of Debtor.

## Conclusions of Law

Debtor's motion to convey to Gulf Coast its property right, if any, in the payments which Texon has acknowledged that it owes, is governed by Section 363 of the Bankruptcy Code.  Debtor's motion to assign to Gulf Coast its future interest in the purported contract is governed by Section 365 of the Bankruptcy Code.

Section 363(b)(1) provides that, after notice and a hearing, the trustee may use, sell, or lease, other than in the ordinary course of business, property of the bankruptcy estate.  11 U.S.C. § 363(b)(1).  A Chapter 11 debtor in possession exercises the powers of a trustee under Section 363.  11 U.S.C. § 1107.  With respect to the transfer of property other than in the ordinary course of business, the debtor must

4

articulate a sound business justification.  In re Continental Airlines, 780 F.2d 1223 (5th Cir. 1986).

In the instant case, Debtor has not articulated a sound business justification for assignment of the funds owed by Texon to Gulf Coast.  Gulf Coast is not a debtor in bankruptcy.  The motion is opposed by the committee appointed to represent Debtor's unsecured creditors.  Debtor's articulated justification, that Gulf Coast, not Debtor, was intended to be the party to the contract with Texon, does not appear to be in the best interest of Debtor's creditors.  Moreover, there is no indication that Debtor is to receive any consideration for the transfer.  The court concludes that the motion to transfer the right to receive payments owed by Texon should be denied without prejudice to the filing of an adversary proceeding seeking a declaratory judgment as to ownership of the funds.  The court directs that Debtor file a motion to direct Texon to pay into the Registry of the court the amounts it has acknowledged are due, pending further resolution of the issues in dispute among the parties.

With respect to the question of whether to permit assignment of future benefits and duties under the purported contract, Section 365(f)(2)(A) of the Bankruptcy Code provides that the trustee may assign a contract only if the contract is assumed.  In the instant motion, Debtor has not sought to assume

the contract.  The court concludes that the proposed assignment should be denied without prejudice.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Motion to Assign Contract to Tekoil and Gas Gulf Coast, LLC" (Docket No. 34) without prejudice.

Signed at Houston, Texas on this __1st__ day of __August__, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE